George J. Cooke Company, Appellee, v. E. R. Stege Brewery et al., on appeal of Patrick Ahern, Appellant.

Gen. No. 22,120.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FRED-ERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed March 20, 1917. Rehearing denied March 30, 1917.

## Statement of the Case.

Bill of interpleader by George J. Cooke Company, a corporation, complainant, against E. R. Stege Brewery and Patrick Ahern, defendants, to determine the right to certain rents paid by complainant into court. From a decree ordering payment of the fund, less the amount of the master's fees to be paid therefrom, to the defendant E. R. Stege Brewery, and taxing costs other than the master's fees against the defendant Ahern, the defendant Ahern appeals.

The claim of the defendant E. R. Stege Brewery was predicated upon a sheriff's deed issued upon an execution sale of the premises in controversy under a judgment for $1,605.38 recovered by it against the defendant Ahern. The latter's claim was based upon the fact he was lessor of the premises, that he, at the time of the sale, owned an estate of homestead therein, and that such homestead was not set off to him and his equity of redemption was not then nor since worth $1,000. Ahern also filed a cross-bill praying removal of said deed as a cloud upon his title, upon which issue was formed. Such homestead estate was adjudicated in Ahern's favor in the case of *Dooley v. Ahern,* 191 Ill. App. 140. Ahern's claims were sustained by the master's report, to which no exceptions were filed. Before entry of decree confirming such report, Ahern

moved to dismiss his cross-bill. The motion was denied and decree entered, setting aside the sale and deed, vacating the satisfaction of the judgment and restoring the judgment, and directing payment of the money in the clerk's hands, $561.55, to the defendant E. R. Stege Brewery and applied upon its judgment.

RAYMOND Y. ELLIS and RAGNAR OBERG, for appellant.

SIMEON STRAUS and IRA E. STRAUS, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. HOMESTEAD, § 113*—*when sale of on execution is invalid.* Where the property of a judgment debtor was taken and sold on execution and a deed therefor issued to the purchaser, in which property the debtor had at the time of such sale a homestead which was not set off to him, and the value of his equity of redemption was not worth $1,000 at the time of the sale or since, *held* that such sale and deed were void.

2. INTERPLEADER, § 18*—*when court may in decree establish equitable lien or trust upon fund.* On a bill of interpleader and answer of the defendants, *held* that the court could so shape its decree as to do complete equity between the parties and fasten upon the fund in controversy any equitable lien or trust which one of the parties established, although the proprietary legal title and ownership belonged to the other.

3. LIENS, § 4*—*when ·equitable lien on fund does not arise.* Where, under a bill of interpleader as to certain rents deposited in court, one of the defendants claimed ownership of the premises as an execution creditor under a judgment in his favor against the lessor and a sale and deed thereunder which were void, and there was no averment of fact in the pleadings to support an equitable lien on the part of such defendant nor proof to establish one, *held* that no equitable lien would arise from the mere existence of the judgment in favor of such defendant, and the lessor would be entitled to such rent.

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

4. INTERPLEADER—*when question whether mortgagee is necessary party is not presented for review.* Where a bill of interpleader to determine the right to certain rent deposited in court alleged that the complainant leased the premises from and attorned to one of the defendants, the other of whom was a mortgagee, and there was no averment to the contrary in the pleadings or the proof, *held* that the question whether the mortgagee was a necessary party to the suit was not presented for review.